UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSE E. JONES,

    Plaintiff,

v.

Case No. 2:08-CV-207
HON. R. ALAN EDGAR

FERNANDO FRONTERA, M.D., et al.,

    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff Jesse Jones, an inmate at the Marquette Branch Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Dr. Fernando Frontera, Nurse Mary Rose Galloway, and Nurse Salmi. Plaintiff's complaint involves events that occurred at the Alger Maximum Correctional Facility. Upon initial review, the court determined that plaintiff's complaint was not frivolous and stated a claim upon which relief may be granted. The court ordered service of process. Defendant Frontera has now filed a motion arguing that plaintiff's complaint should be dismissed for failure to state a claim.

Plaintiff's complaint alleges that defendant Frontera and defendant Galloway were deliberately indifferent to plaintiff's medical needs. Plaintiff complains that he suffered with a broken left foot, a broken right foot, and numbness in both legs and feet. Plaintiff further alleges that he was denied treatment for skin issues. Plaintiff states that on May 1, 2006, his broken right foot was placed in a boot at the Munising Memorial Hospital. The doctor issued plaintiff crutches and pain medication. Plaintiff received an x-ray about thirty days later at the prison which showed no

possibility of healing. The prison doctor ordered plaintiff to see an orthopedic specialist. A cast was placed on plaintiff's foot and the orthopedic specialist indicated that it should be removed within six to eight weeks. Prison health services denied plaintiff the pain medication ordered.

Plaintiff alleges that he injured his left foot on June 27, 2006, while still on crutches. Defendant Nurse Salmi came to plaintiff's cell. Plaintiff alleges that defendant Salmi refused to remove plaintiff from the cell to examine him. Defendant Salmi just looked at plaintiff from outside the cell and left after five minutes. Plaintiff was left bedridden with two broken feet. Plaintiff asserts that he was denied food, showers, and was forced to defecate and urinate on himself. Plaintiff alleges that defendant Galloway was then called, but she refused to provide plaintiff with medical attention. Plaintiff asserts that defendant Frontera disregarded three separate doctors' orders and acted with deliberate indifference in not removing plaintiff's cast for approximately four months which resulted in permanent deformities to plaintiff's feet. Plaintiff states that he submitted over 30 health care requests that were denied due to defendant Frontera's deliberate indifference.

Plaintiff alleges that defendant Frontera's deliberate indifference created a chronic condition and that plaintiff is charged a co-payment. Plaintiff alleges that defendant Frontera caused plaintiff complications in both feet and legs. Plaintiff asserts that he has been refused medical treatment for over one year. Plaintiff alleges that defendant Frontera delayed providing him special shoes to relieve the numbness in his legs and feet. Plaintiff alleges that the delay was in retaliation for plaintiff's grievance filings. Plaintiff alleges that defendant Frontera cancelled plaintiff's dermatology appointments solely in retaliation for plaintiff's grievance filings.

Defendant Frontera filed a motion to dismiss arguing that plaintiff's complaint fails to state a claim for relief. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if

everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, *supra*, at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355. U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 988 F.2d at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Defendant Frontera states that the complaint should be dismissed because plaintiff failed to allege that defendant Frontera acted with deliberate indifference. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth

Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's complaint satisfies the pleading standard for asserting an Eighth Amendment claim of denial of medical care. Plaintiff has alleged that defendant Frontera acted with deliberate indifference in denying and delaying medical care for plaintiff's serious medical

conditions. In the opinion of the undersigned, plaintiff clearly stated an Eighth Amendment cause of action.

Similarly, plaintiff has stated a claim of retaliation. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Plaintiff has asserted that he filed grievances against defendant Frontera and, as a result of those grievance filings, defendant Frontera refused and delayed medical care and cancelled an appointment with a dermatologist. Plaintiff has stated a claim for retaliation.

Finally, defendant Frontera argues that plaintiff's *in forma pauperis* status should be revoked because plaintiff has three strikes against him. Defendant relies upon *Jones v. Stapleton*, No. 2:08-cv-110, as a case dismissed as frivolous. However, that dismissal was reversed on appeal and the case is currently pending.

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are

meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22

(5th Cir. 1997). Defendant has not established that plaintiff's *in forma pauperis* status should be revoked.

Accordingly, it is recommended that defendant Frontera's motion to dismiss (Docket #20) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: August 19, 2009